EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JESÚS ABRÉU BENÍTEZ y JOSÉ I. VELÁZQUEZ, acusados y apelantes.

Núm. 12619.—*Sometido:* Noviembre 10, 1947.  *Resuelto:* Diciembre 12, 1947.

*Ángel Roberto Díaz* y *R. Rivera Zayas,* abogados de los apelantes; *Hon. Procurador General Luis Negrón Fernández,* y *J. Rivera Barreras* y *Alberto Picó Santiago, Fiscal* y *Fiscal Auxiliar del Tribunal Supremo,* respectivamente, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Los apelantes fueron denunciados por infracción a la Ley núm. 31 de 29 de abril de 1943 (pág. 83).  Consistió la infracción en que el 9 de agosto de 1946, voluntaria y maliciosamente, vendieron a Roberto Cruz una libra de arroz al pre-

cio de once centavos, el cual excede, según la denuncia, del precio máximo (nueve centavos) fijado por la sección 4.4 del Segundo Reglamento de Precios Máximos Revisado núm. 183, expedido por el Administrador de la Oficina de Administración de Precios.(¹) La corte inferior sentenció a cada uno de ellos a pagar una multa de $100 y a cumplir tres me-ses de cárcel.

■ Los apelantes arguyen que la citada Ley núm. 31 de 29 de abril de 1943 es inconstitucional. Pero es innecesario considerar esta cuestión porque la misma fué ampliamente discutida y resuelta adversamente a la contención de los apelantes el 25 de noviembre último, en el caso de *Pueblo* v. *Ramón Camacho García et al.*, ante, pág. 788.

■ La otra contención de los apelantes, a pesar de que aparentemente va encaminada a atacar la suficiencia de la denuncia, en realidad, como muy bien apunta el fiscal de este Tribunal, tiene por objeto atacar la suficiencia de la prueba.

El récord de este caso revela que en la fecha que se alega en la denuncia Roberto Cruz fué al establecimiento del acusado Jesús Abréu Benítez, del cual es dependiente el otro acusado, y pidió una libra de arroz; que en el establecimiento sólo había arroz en paquetes de dos libras; que el dependiente abrió un paquete y le vendió la libra de arroz cobrándole once centavos y que inmediatamente el comprador se dirigió al Cuartel de la Policía a denunciar el caso.

La cuestión a resolver es determinar si estos hechos son constitutivos de delito. El Reglamento que se alega fué in-fringido (*Exhibit* 1 del Pueblo), en lo pertinente, dice:

---

(¹)*Es* conveniente consignar que la Ley núm. 31 de 1943 (pág. 83) en su artículo 2, declara delito menos grave (*misdemeanor*) toda infracción de cualquier reglamento, orden o lista de precios promulgado o adoptado por la Oficina de Administración de Precios, bajo la autoridad de la Ley de Emergencia de Control de Precios de 1942, tal como ha sido enmendada y fija la pena por la infracción de dicho reglamento, orden o lista de precios.

"Oficina de Administración de Precios
División de Información
San Juan, P. R.

"Precios Máximos al consumidor de algunos de los productos de mayor consumo controlados por la O.A.P.

"8 de agosto de 1946.

| "Producto | | | | | | Precio al consumidor |
|---|---|---|---|---|---|---|
| " "* | * | * | * | * | * | * |
| " "* | * | * | * | * | * | * |
| "Arroz (a granel) | | | | | | $.09 lb. |
| " (en paquetes todas las marcas importadas: que no exceda del 4 por ciento de granos partidos. | | | | | | |
| " * | * | * | * | * | * | * |
| "Paquetes de 2 lbs. | | | | | | 21" |

Se observará que el Reglamento, tal y como estaba redactado cuando se cometió la alegada infracción, al fijar el precio máximo del arroz a granel, no especifica calidad. El precio máximo de todo arroz a granel, no importa la proporción de granos partidos que pueda contener, es el de nueve centavos la libra. En cambio, cuando el Reglamento se refiere al arroz en paquetes, al fijar su precio determina que la proporción de granos partidos no deberá exceder del 4 por ciento. De suerte que del citado Reglamento, no resulta que la circunstancia de hallarse el arroz en paquetes sirviera de base para fijar su precio, sino más bien la calidad del artículo. Además, en ninguna parte del Reglamento, ni tácita ni expresamente, se prohibe el abrir un paquete para vender parte de su contenido.

Arguye el fiscal que en todo caso los apelantes infringieron la citada sección 4.4 al vender la libra de arroz en once centavos en vez de diez centavos y medio, que es el precio que le correspondería por ser la mitad del fijado para el paquete de dos libras. No podemos convenir en que al cobrar los acusados once centavos por una libra de arroz de paquete, *voluntaria y maliciosamente* infringieron el Reglamento, pues es costumbre corriente en el comercio en tales

casos, que el medio centavo que no puede devolverse al comprador lo retenga el comerciante.

 Si en verdad la Oficina de Administración de Precios tuvo en mente otra interpretación para su citado Reglamento, no logró expresarla claramente y no debe castigarse a un individuo por no haber adivinado el propósito que se tuvo en mente y no llegó a expresarse al redactar el Reglamento. A este efecto, el artículo 26 de la Ley de Evidencia (artículo 388 del Código de Enjuiciamiento Civil), prescribe:

"En la interpretación de un estatuto o documento, el ministerio del juez es simplemente averiguar y declarar lo que textualmente y [o] en substancia contiene, no insertar lo que se hubiere omitido, ni omitir lo que se hubiere insertado; y cuando contuviere varias disposiciones o extremos, se adoptará la interpretación que, de ser posible, diere efecto a todos." (Materia en corchetes nuestra.)

*Resultando que los apelantes no cometieron el delito que se les imputa en la denuncia, procede revocar la sentencia y absolverlos.*

El Juez Presidente Señor Travieso no intervino.

El Juez Asociado Señor Snyder está conforme con el resultado.